OPINION
{¶ 1} Boubacar Abdoulaye was found guilty by a jury in the Montgomery County Court of Common Pleas of felonious assault, felony domestic violence, and carrying a concealed weapon. He was sentenced accordingly. Abdoulaye appeals from his conviction.
 {¶ 2} The facts are undisputed.
 {¶ 3} In May 2003, Abdoulaye had recently reconciled with his wife, Mary Tracy, after a period of separation. The couple was living at the Intown Suites near the Dayton Mall with their infant daughter. On May 11, 2003, Tracy picked Abdoulaye up from work at approximately 1:00 a.m. The couple ate and watched television before going to bed several hours later.
 {¶ 4} Tracy went to work from approximately 8:00 a.m. until 9:30 a.m that morning. When she returned to the hotel Abdoulaye was still sleeping. Tracy tended to the baby while Abdoulaye slept, then woke Abdoulaye and asked him to supervise the baby so that she could sleep before returning to work that afternoon. A fight ensued during which Tracy threatened to leave Abdoulaye and go to her mother's house. Abdoulaye slapped Tracy in the face, twisted her arm behind her back to the point where Tracy thought that it would break, and hit her several other places on her body. Abdoulaye then pulled a gun from the night stand, waved it at Tracy, and said, "I'll kill you."
 {¶ 5} Abdoulaye and Tracy had been warned that any additional fighting in their hotel room would lead to eviction. During the course of the argument on May 11, 2003, a hotel employee called the room and informed them that she would call the police due to the fighting. Abdoulaye then left the hotel with some of his belongings, including the gun. Police responded to the hotel, and Abdoulaye was stopped a short distance away with a loaded gun in his possession.
 {¶ 6} Abdoulaye was indicted for felonious assault, felony domestic violence, and carrying a concealed weapon. He pled not guilty and was tried by a jury, which found him guilty on all counts in the indictment. Abdoulaye was sentenced to four years for felonious assault, ten months for felony domestic violence, and six months for carrying a concealed weapon, to be served concurrently.
 {¶ 7} Abdoulaye raises two assignments of error on appeal, which relate only to his conviction for felonious assault.
 {¶ 8} "I. The trial court erred by disallowing testimony by Mary Tracy relating to prior arguments and statements which could clarify if Boubacar Abdoulaye actually made a verbal threat at the time he waved the gun in the hotel room."
 {¶ 9} Abdoulaye claims that the trial court erred in refusing to allow Tracy to testify as to whether his threat to kill her while holding a gun was an "actual threat" or a "meaningless eruption spouted in the passion of an argument." Abdoulaye asserts that, because of the couple's history, Tracy's "actual feelings and opinions at the time the argument was occurring" could have shown that he lacked criminal intent.
 {¶ 10} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Robb,88 Ohio St.3d 59, 68, 2000-Ohio-275, 723 N.E.2d 1019. Absent an abuse of discretion, an appellate court will not disturb a ruling by the trial court as to the admissibility of evidence. State v.Martin (1985), 19 Ohio St.3d 122, 129, 483 N.E.2d 1157.
 {¶ 11} R.C. 2903.11(A) states that a person who knowingly causes or attempts to cause physical harm to another by means of a deadly weapon or dangerous ordnance has committed felonious assault. The count of felonious assault was based upon threatening Tracy with a gun. Abdoulaye claims that, because this conduct caused no physical harm, the state needed to present evidence of his intent to harm Tracy to sustain a conviction for felonious assault. Abdoulaye apparently contends that Tracy should have been allowed to testify as to whether she had believed that Abdoulaye's threat was a serious one. Abdoulaye's argument suggests that, had he been allowed to pursue this line of questioning, his wife would have testified that she had not taken his threat seriously.
 {¶ 12} The victim's state of mind is relevant to some offenses, such as aggravated menacing, R.C. 2903.21, but it is not relevant to felonious assault. Aggravated menacing, as defined, requires the victim to be put in fear, necessarily implicating the victim's state of mind; felonious assault, as defined, has no such requirement. Indeed, Abdoulaye admits that pointing a firearm at another person, coupled with a threat to use the weapon, is sufficient to establish a felonious assault. Thus, the trial court properly concluded that Tracy's opinion about whether Abdoulaye intended to follow through on his threat was irrelevant, and it acted within its discretion in excluding evidence on this issue.
 {¶ 13} Abdoulaye seems to argue, somewhat cryptically, that excluding Tracy's testimony about his state of mind prevented him from establishing that he had not attempted to cause physical harm. He asserts that his conviction must have been based on an attempt to cause physical harm because he did not actually cause physical harm with the weapon. Abdoulaye relies on State v.Brooks (1989), 44 Ohio St.3d 185, 542 N.E.2d 636, wherein the court sought to resolve whether the pointing of a gun is an "attempt to cause physical harm" to another by means of a deadly weapon as encompassed in the definition of felonious assault. Id. at 189. Brooks defined a criminal attempt as a purposeful act or omission which constitutes a substantial step in a course of conduct planned to culminate in his commission of the crime. Id. at 190, citing State v. Woods (1976), 48 Ohio St.2d 127,357 N.E.2d 1059. "To constitute a substantial step, the conduct must be strongly corroborative of the actor's criminal purpose." Id.
 {¶ 14} Abdoulaye apparently contends that the testimony he sought to elicit from his wife — her opinion as to whether he had intended to harm her when he threatened to kill her while holding a gun — was relevant to whether he had really taken a substantial step toward commission of the offense. His argument suggests that if his wife had been allowed to testify that she did not believe he had intended to shoot her, and he corroborated this testimony, then the jury could have concluded that he had not taken a substantial step toward the commission of a felonious assault.
 {¶ 15} In our view, the trial court acted within its discretion in excluding Tracy's testimony on this issue. Although the determination of whether a substantial step has been taken toward the commission of felonious assault is a factual one, it is not dependent on the subjective impressions of the victim. Thus, the trial court could have reasonably concluded that Tracy's opinion as to what Abdoulaye intended was not relevant.
 {¶ 16} Moreover, on very similar facts, the court in Brooks
concluded that drawing a firearm and threatening to kill constituted an attempt. In that case, the victim and the defendant had become embroiled in an argument at a bar. The defendant "suddenly drew a revolver and angrily told [the victim] that he would kill her." The court held that, under those circumstances, a reasonable jury could have "concluded that the defendant's actions were `strongly corroborative' of his intent to cause physical harm to [the victim] by means of his deadly weapon." Id. at 192.
 {¶ 17} The first assignment of error is overruled.
 {¶ 18} "II. The trial court clearly erred by disallowing certain testimony by Mary Tracy and thereby failing to protect the defendant, Boubacar Abdoulaye's rights under thesixth amendment of the United States Constitution and the Ohio Constitution."
 {¶ 19} Abdoulaye contends that the trial court's refusal to allow Tracy to testify about her belief as to whether he had intended to shoot her deprived him of his constitutional right to confront witnesses against him. He claims that Tracy's testimony related to a "viable defense." Abdoulaye concedes, however, that trial court has the right to limit cross-examination to relevant issues.
 {¶ 20} As discussed under the first assignment of error, we disagree with Abdoulaye's characterization that Tracy's testimony related to a "viable defense." In our view, her opinion was irrelevant to whether Abdoulaye had taken a substantial step toward the commission of a felonious assault. Because the testimony was irrelevant, Abdoulaye was not denied his constitutional rights by being precluded from pursuing this line of questioning.
 {¶ 21} The second assignment of error is overruled.
 {¶ 22} The judgment of the trial court will be affirmed.
Fain, P.J. and Young, J., concur.